SEARLS *v.* MERRIAM and another.

*(Circuit Court, S. D. New York.   January 30, 1882.)*

PATENTS FOR INVENTIONS—PATENT NO. 221,482—INVENTION.
  Patent No. 221,482, granted to Anson Searls, as assignee of John M. Under-wood, the inventor, November 11, 1879, for an improvement in whip-sockets, is void for want of invention.

In Equity.
*J. P. Fitch,* for plaintiff.
*N. Davenport,* for defendants.

BLATCHFORD, J.   This suit is brought on letters patent No. 221,-482, granted to the plaintiff, as assignee of John M. Underwood, the inventor, November 11, 1879, for an "improvement in whip-sockets." The whip-socket is formed of a hollow cylinder, the upper open end of which is provided with a flexible elastic ring of India rubber or analogous material, for the purpose of holding the whip-stock upright by the pressure between it and the interior of the ring.   The ring fits in a recess or annular groove in the upper open end of the socket, so as to be retained therein by its own elastic expansive force.   The inner edge of the ring is corrugated, or provided with projections formed on and extending from the inner edge of the body of the ring, inwards towards its center.   These projections are entirely separated from each other, with spaces between them, so that they will not be pressed into contact with one another, by the insertion of the butt of the whip-stock in the socket.   The extreme inner faces of the projections form a circle and support the stock by pressing against it, while they yield to permit it to be pushed in or drawn out, and the ring, though disturbed in place by those movements, will readjust itself in the recess when the stock is removed, because it is held therein by its elastic force alone.   The patent has two claims:

"(1) The combination with a whip-socket having an annular recess in it, of a flexible elastic ring, which may be held in such recess by its own elastic force, and which is provided on its inner edge with non-contiguous projections, separated so that they cannot be pressed into contact with one another by the insertion of the whip-stock into the ring.   (2) The ring composed of a body with such projections."

The specification sets forth that "a simple rubber ring, without projections, had been used, held in an annular recess in the mouth of the socket, the interior of the ring being made small enough to grasp the whip-stock, and such a ring has been held in place in the recess in the socket by its own expansive force;" also, that radial slits have been cut in the inner edge of the ring without removing any of the rubber. The point of the new arrangement is stated to be, that "the separated projections, while they are rigid enough to hold the whip upright and prevent it from wabbling, will yet so easily give way to the pressure of the stock as to allow the stock to be readily inserted and removed."

It is obvious that a plain ring, or a ring with radial slits, has the same action in combination with an annular recess, in which it is held by its elastic force alone, so far as regards its readjustment in the recess when disturbed, that a ring with inward non-contiguous projections has. The co-action between the recess and the part of the ring in it, when the part of the ring out of it and next the stock is disturbed, is the same in all three cases. Therefore, if the ring with inward non-contiguous projections existed before, even though without the annular recess, there was no patentable invention in using such ring with the old annular recess with which the plain ring had been used.

The date of the Underwood invention was May, 1878. The rubber disk, defendants' Exhibit C, with non-contiguous projections, existed in 1873. The number of projections and the number and size of the openings between the projections depended then, and depends now, on the thickness of the rubber. That fact was then known. It was also then known that the capacity of the rubber to exert the expansive force necessary to maintain its place in the annular recess depended on its substance and thickness. In view of the use in an annular recess of a plain ring of sufficient substance and thickness to maintain its place in the annular recess, the fact that defendants' Exhibit C was not used in an annular recess, but was clamped between the end of the socket and a cap, is not sufficient to make it a patentable invention to use in an annular recess a rubber thicker than defendants' Exhibit C, with the same character of non-contiguous projections. The action of the inner part of the ring against the stock, so far as the non-contiguous projections are concerned, is the same whether the outer part of the ring is held in an annular recess, or is clamped between the end of the socket and a cap. It is quite apparent, as is stated by the expert for the plaintiff, that the number, or size, or shape of the openings between the projections does not constitute a substantial difference, so long as they are of sufficient size and of a proper shape to permit the stock to pass through the ring without forcing the edges of the projections in contact with each other, and the smaller portions of the projections are extended towards the center. These conditions are found in defendants' Exhibit C.

When the idea is once suggested, as in that exhibit, to have openings of that character, it is but ordinary knowledge to vary their number and size according to the thickness of the material.

Neither claim of the patent can be sustained, and the bill is dismissed, with costs.